IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NIKOLAUS K. WARD, § <br> #00150750, § <br> PETITIONER, § <br> § <br> v. § <br> § <br> ROCKWALL COUNTY SHERIFF, ET AL., § <br> RESPONDENTS. § | CIVIL CASE NO. 3:22-CV-1218-S-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the pro se action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On June 3, 2022, Nikolaus K. Ward, a Rockwall County pretrial detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking to be released from custody on an order of supervision pending transfer to Terrell State Hospital for evaluation and mental health rehabilitation. Doc. 3 at 1-2. Ward had been waiting for a bed to become available for over one year. Doc. 3 at 2-3. However, Ward was recently transferred to Terrell State Hospital.[1] This Court must therefore examine *sua sponte* whether his request for habeas relief is now moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or

---

[1] The Rockwall County Sheriff Detention Department confirmed to the Court that Ward was transferred to Terrell State Hospital on October 31, 2022.

the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.")

Here, Ward only sought release from custody pending transfer to a state hospital. Because he has now been transferred to Terrell State Hospital, his petition is moot and should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on November 7, 2022.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).